IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

THOMAS R. MONTGOMERY,          )
                               )
           Plaintiff,          )
                               )
                               )    CIV-15-298-M
v.                             )
                               )
ALBERT HOCH, JR., et al.,      )
                               )
           Defendants.         )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the sufficiency of the cause of action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) has been conducted, and based upon this review and the findings set forth herein the undersigned recommends that the cause of action be dismissed upon filing and that the Court decline to exercise supplemental jurisdiction.

In his Complaint filed March 20, 2015. Plaintiff alleges that Defendants Hoch and Heons, who are identified as public defenders, provided ineffective assistance to Plaintiff in violation of his constitutional rights. Plaintiff also alleges a claim of "[n]egligance [sic]"

1

against Defendants Hoch and Heons.

To state a claim under 42 U.S.C. §1983, a plaintiff must show that action taken "under color of" state law deprived him or her of rights secured by the Constitution or other federal law. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982). Defense attorneys do not act under color of state law in representing their clients in state court criminal proceedings. Polk County v. Dodson, 454 U.S. 312, 317-318 (1981); see Lewis v. Clark, 577 Fed. App'x. 786, 797 n. 10 (10th Cir. 2014)(unpublished op.)("a traditional claim of ineffective assistance is not cognizable under 42 U.S.C. § 1983 because [plaintiff's] attorney is not a state actor"); Brown v. McCray, No. 03-6073, 2003 WL 22046129 (10th Cir. 2003)(unpublished op.)("criminal defendant's attorneys do not act 'under color of state law' for purposes of §1983").

Thus, regardless of whether Defendants are sued in their official or individual capacities, Plaintiff cannot assert a plausible claim for relief under 42 U.S.C. § 1983 against Defendants with respect to their representation of Plaintiff in state court criminal proceedings. To the extent Plaintiff is claiming, as an additional ground for relief, that Defendant Hoch, in his capacity as a supervisor, should have supervised Defendant Heons more carefully or reassigned him to other clients, Plaintiff has also failed to state a plausible 42 U.S.C. § 1983 claim for relief. See Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011).("Section 1983 does not authorize liability under a theory of respondeat superior."). Considering Plaintiff's allegations in the Complaint, Plaintiff has failed to state a claim for relief against Defendants, and his cause of action should be dismissed under 28 U.S.C.

§§1915(e)(2)(B) and 1915A(b).

Additionally, to the extent Plaintiff is alleging that Defendants are liable to him for violations of Oklahoma law, e.g., for negligence or legal malpractice, there are no remaining federal claims in this case. Under these circumstances, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law-based claims. 28 U.S.C. § 1367(c)(3). See Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998)(recognizing "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___May 11th___, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this ___20th___ day of ___April___, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE